Marc S. Reiner (MR-6669)
HAND BALDACHIN & AMBURGEY LLP
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-9500
Fax: (212) 376-6080

Attorneys for Plaintiff
Rose Associates, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ROSE ASSOCIATES, INC.,

                Plaintiff,         **COMPLAINT**

-v-
                                    Case No. 1:16-cv-1059

SKY MANAGEMENT CORP.,

                Defendant.

------------------------------------------------------X

Plaintiff Rose Associates, Inc. ("Rose" or "Plaintiff"), by its undersigned attorneys of record, for its Complaint against Defendant Sky Management Corp. ("Defendant"), alleges as follows:

**Jurisdiction and Venue**

1.      This is a civil action arising out of Defendant's infringement, in violation of Section 32(1) of the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114 (1), of federally registered trademark rights owned and used by Rose, unfair competition and false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; and common law unfair competition.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      This Court has jurisdiction over the Defendants under New York CPLR 301. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

## Parties

4.      Plaintiff Rose Associates, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 200 Madison Avenue, New York, New York 10016.

5.      Based on information and belief, Defendant Sky Management Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 226 East 54th Street, New York, New York 10022.

## Factual Allegations

6.      Rose is the owner of the ROSE and ROSE ASSOCIATES, INC. trademarks and all rights appurtenant thereto.  Rose is a developer, owner, and operator of premium residential properties under those trademarks.

7.      The ROSE name has been in continuous use in connection with real estate services for nearly 90 years and represents a tremendous amount of goodwill to Plaintiff, owing to the company's well-earned reputation for excellence and integrity.  The first ROSE building was developed in 1925 and Plaintiff was founded three years later.  Rose has been described as one of "New York's royal real estate families" by the *New York Times*.

8.      Rose provides a full scope of residential real estate services through its innovative ROSE 360 PLATFORM including, but not limited to, management, development, marketing, leasing, and consulting of residential properties, as described below.

9. Plaintiff provides a broad range of services under the ROSE name in connection with its management of residential buildings. These services include professional property-operation services under the ROSE name. These services also include residential leasing services and leasing retail or office space located in residential developments.

10. Rose's real estate services also cover compliance and technical services for the maintenance of building systems and the management of the complex requirements of New York City regulations. Rose has extensive experience working with local unions and building services employees.

11. Plaintiff offers further real estate services under the ROSE name including full-service pre-development and development services, running from the initial concept of the real estate project to its last finishing detail. Rose has been cited as one of the most active developers in New York City, managing roughly $2 billion in new construction and conversion projects. Rose works with a full team of professionals from a variety of fields to perform these tasks, including finance, planning, construction, project administration, marketing, and property management.

12. The ROSE name has achieved particular renown in New York, where Rose provides one or more of its services for over 125 residential buildings, covering over 25,000 residential units across New York.

13. In sum, Rose provides an extremely broad range of services in connection with the residential real estate market and is an unquestioned market leader in that field. The ROSE name is extremely well known both in the real estate industry and among the residents of New York.

14. Plaintiff is the owner of the registered trademark ROSE ASSOCIATES, INC., Registration No. 2,747,361 for the services "real estate management services and consulting services to the real estate industry" and "leasing of real estate." That registration issued on August 5, 2003 and has become incontestable under the Lanham Act.

15. Based on information and belief, Defendant is a New York real estate management, acquisition and development company.

16. Based on information and belief, Defendant selected the name THE ROSE MODERN in connection with a building it is managing at 501 East 74th Street on the Upper East Side of Manhattan, New York.

17. Before selecting that name, Defendant was fully aware of the Plaintiff and the renown of the ROSE name. In fact, Defendant had previously met with Rose for exploratory discussions regarding management of that property.

18. Defendant's use of the name THE ROSE MODERN in connection with real estate services in New York is likely to cause confusion, mistake or deception among the trade and public and to cause them to believe that Defendant's services are the same as Rose's services or are authorized, sponsored or approved by Rose or are otherwise affiliated or connected with Rose and/or Rose's services.

19. Defendant's selection of the a name including the "Rose" designation notwithstanding its knowledge of Plaintiff's longstanding preexisting use of that term leads to the conclusion that Defendant either intended to cause confusion or was recklessly indifferent to that likelihood.

20. Defendant's activities have caused and will continue to cause irreparable harm to Plaintiff and to the substantial goodwill embodied in Plaintiff's ROSE trademarks, and such acts will continue unless restrained by this Court.

21. Rose has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under Section 32(1) of the Lanham Act

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 set forth above.

23. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as the continued use by Defendant of the ROSE designation on or in connection with real estate services is likely to cause confusion, mistake or deception among the trade and public with Plaintiff's prior, registered trademark rights.

## COUNT II

### Infringement, Unfair Competition and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 set forth above.

25. Defendant's conduct constitutes trademark infringement, unfair competition and the use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), as the continued use by Defendant of the ROSE designation on or in connection with real estate services is likely to cause confusion among consumers with Plaintiff's prior, distinctive ROSE trademarks.

## COUNT III

### Common Law
### Trademark Infringement

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 set forth above.

27. Defendant's conduct constitutes common law trademark infringement under the laws of the State of New York, as the continued use by Defendant of the ROSE designation on or in connection with real estate services is likely to cause confusion among consumers with Plaintiff's prior, distinctive ROSE trademarks.

## COUNT IV

### Common Law
### Unfair Competition

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 27 set forth above.

29. Defendant's conduct constitutes common law unfair competition under the laws of the State of New York, as the continued use by Defendant of the ROSE designation on or in connection with real estate services is likely to cause confusion among consumers with Plaintiff's prior, distinctive ROSE trademarks.

### Prayer for Relief

WHEREFORE, Plaintiff Rose Associates, Inc. prays for judgment against Defendant Sky Management Corp., as follows:

1. Entering judgment in favor of Plaintiff and against Defendant on each and every count in this Complaint;

  2. Preliminary and then permanently enjoining and restraining Defendant and its parents, subsidiaries, affiliated companies, directors, officers, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons and entities acting under their direction, or in concert or participation with them or any of them, from:

  (i) using the designation "Rose" in connection with any real estate services or related services in the United States;

  (ii) prosecuting any applications to register trademarks containing a "Rose" designation in connection with any real estate services or related services in the U.S. Patent and Trademark Office or any other U.S. trademark authority; and

  (iii) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and services are in any way associated or affiliated with or related to Plaintiff or Plaintiff's services as described herein.

  3. Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all labels, signs, prints, packaging, wrappers, documents and advertising or promotional materials in their possession or within their custody or control that bear any designation in violation of Plaintiff's rights as decreed herein, together with all plates, molds, matrices and other means of making the same.

  4. Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

5. Directing Defendant to account to Plaintiff for its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117, and trebling such award of profits as appropriate;

6. Awarding Plaintiff its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117.

7. Awarding such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all eligible claims.

HAND BALDACHIN & AMBURGEY LLP

Dated: February 11, 2016

By: _____

Marc S. Reiner (MR-6669)
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-9500
Fax: (212) 376-6080

Attorneys for Plaintiff
Rose Associates, Inc.